**No. 25-20407**

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JONATHAN LOPEZ-PORRAS,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Southern District of Texas,
Houston Division, No. 4:24-cr-39-5

# BRIEF OF PLAINTIFF-APPELLEE

JOHN G.E. MARCK
Acting United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

RENATA GOWIE
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9102

ATTORNEYS FOR APPELLEE

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case. The facts and legal arguments are adequately presented in the briefs and record; oral argument would not significantly aid the decisional process. *See* Fed. R. App. P. 34(a)(2)(C).

# TABLE OF CONTENTS

Page

STATEMENT REGARDING ORAL ARGUMENT .................................. i

TABLE OF AUTHORITIES .................................. iv

STATEMENT OF JURISDICTION .................................. 1

STATEMENT OF THE ISSUE .................................. 1

STATEMENT OF THE CASE .................................. 2

I. Offense Conduct .................................. 2

II. Procedural History .................................. 5

III. Rearraignment .................................. 7

SUMMARY OF THE ARGUMENT .................................. 16

ARGUMENT .................................. 17

Lopez-Porras has failed to show reversible plain error in his claim that the district court participated in plea agreement discussions in violation of Federal Rule of Criminal Procedure 11(c)(1). .................................. 17

A. Standard of Review .................................. 17

B. Lopez-Porras has not shown plain error. .................................. 18

1. [redacted] .................................. 20

## TABLE OF CONTENTS, cont'd

**Page**

2. [redacted] ..........24

C. Lopez-Porras has not shown an adverse effect on his substantial rights or that the purported error seriously affected the fairness, integrity, or public reputation of judicial proceedings. ...............29

CONCLUSION ..........................................................................................32

CERTIFICATE OF SERVICE.................................................................33

CERTIFICATE OF COMPLIANCE.......................................................34

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Mistretta v. United States*, 488 U.S. 361 (1989) ....................................25

*Puckett v. United States*, 556 U.S. 129 (2009) ......................................17

*United States v. Ayika*, 554 F. App'x 302 (5th Cir. 2014) (unpublished)............................................................ 23, 29, 30

*United States v. Brewer*, 60 F.3d 1142 (5th Cir. 1995)............................1

*United States v. Burnside*, 588 F.3d 511 (7th Cir. 2009)................. 21, 27

*United States v. Cannady*, 283 F.3d 641 (4th Cir. 2002).......................24

*United States v. Cano-Varela*, 497 F.3d 1122 (10th Cir. 2007) ...................................................... 20, 21, 27

*United States v. Daigle*, 63 F.3d 346 (5th Cir. 1995).............................28

*United States v. Davila*, 569 U.S. 597 (2013) ........................................29

*United States v. DeLeon*, 915 F.3d 386 (5th Cir. 2019) ..........................18

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004) .......................29

*United States v. Draper*, 882 F.3d 210 (5th Cir. 2018)................. 6, 17-19

*United States v. Hemphill*, 748 F.3d 666 (5th Cir. 2014).......... 19, 21, 23

*United States v. Lavalais*, 960 F.3d 180 (5th Cir. 2020) ........................17

*United States v. Martin*, No. 24-60633, 2025 WL 1704434 (5th Cir. June 18, 2025) (unpublished)..........................................1

## TABLE OF AUTHORITIES, CONT'D

**Cases** **Page(s)**

*United States v. Martinez*, 777 F. App'x 709 (5th Cir. 2019) (unpublished) ... 31

*United States v. Paul*, 634 F.3d 668 (2d Cir. 2011) ... 6

*United States v. Reid*, 744 F. App'x 850 (4th Cir. 2018) (unpublished) ... 6

*United States v. Rodriguez*, 197 F.3d 156 (5th Cir. 1999) ... 21-23, 30

*United States v. Thompson*, 770 F.3d 689 (8th Cir. 2014) ... 26

*United States v. Vonn*, 535 U.S. 55 (2002) ... 29

**Statutes and Rules**

18 U.S.C. § 3231 ... 1

18 U.S.C. § 3551 ... 25

18 U.S.C. § 3553(f)(4) ... 27

21 U.S.C. § 959(a) ... 5

21 U.S.C. § 960(a)(3) ... 5

21 U.S.C. § 960(b)(1)(B) ... 5

21 U.S.C. § 963 ... 5

28 U.S.C. § 1291 ... 1

28 U.S.C. § 2255 ... 6

## TABLE OF AUTHORITIES, CONT'D

**Statutes and Rules** **Page(s)**

Fed. R. App. P. 4(b)(1)(A)(i) .......... 1

Fed. R. App. P. 34(a)(2)(C) .......... i

Fed. R. Crim. P. 11(b) .......... 16, 19, 20, 24

Fed. R. Crim. P. 11(b)(1)(B) .......... 19

Fed. R. Crim. P. 11(b)(1)(C) .......... 19

Fed. R. Crim. P. 11(b)(1)(H) .......... 20

Fed. R. Crim. P. 11(b)(1)(I) .......... 20, 25

Fed. R. Crim. P. 11(b)(1)(M) .......... 20, 25

Fed. R. Crim. P. 11(b)(3) .......... 28

Fed. R. Crim. P. 11(c) .......... 19

Fed. R. Crim. P. 11(c)(1) .......... *passim*

**United States Sentencing Guidelines**

U.S.S.G. § 1B1.3 .......... 12

U.S.S.G. § 3E1.1(a) .......... 6

U.S.S.G. § 3E1.1(b) .......... 6, 25

U.S.S.G. § 5C1.2(a)(4) .......... 27

U.S.S.G. § 5K1.1 .......... 6-8, 25, 27

## TABLE OF AUTHORITIES, CONT'D

**Other Authorities** **Page(s)**

Federal Judicial Center, Benchbook for U.S. District Courts, § 2.01 (7th ed. 2026) ........................................................25

## STATEMENT OF JURISDICTION

Defendant-Appellant Jonathan Lopez-Porras appeals his federal conviction. The district court (Hittner, J.) had jurisdiction under 18 U.S.C. § 3231. The judgment of conviction and sentence was entered on August 26, 2025, and the district court denied Lopez-Porras's timely-filed sealed motion for reconsideration on September 4, 2025. ROA.117, 122; Dkt. No. 150.[1]

Lopez-Porras timely filed a notice of appeal on September 15, 2025. ROA.123; *see* Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Martin*, No. 24-60633, 2025 WL 1704434, at *1 (5th Cir. June 18, 2025) (unpublished) (holding the time to file notice of appeal runs from entry of the order on a timely-filed motion for reconsideration); *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995) (same). This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether Lopez-Porras has failed to show reversible plain error in his claim that the district court participated in plea agreement

[1] Sealed documents that do not have ROA paginations are cited by their district court docket number, and, if applicable, paragraph or page number.

discussions [redacted]. *See* Fed. R. Crim. P. 11(c)(1).

## STATEMENT OF THE CASE

### I. Offense Conduct

Lopez-Porras was an international cocaine trafficker who pleaded guilty to a cocaine conspiracy. The below facts are from the factual basis in Lopez-Porras's plea agreement.

From December 7, 2022, through July 10, 2023, Lopez-Porras was a high-level cocaine source of supply in Houston, Texas, for an international cocaine trafficking operation in Houston, the Dominican Republic, and Colombia. ROA.201-04. Lopez-Porras had several coconspirators, including: Oscar Serrano, a cocaine distributor in Houston; Sealed Defendant 2, a cocaine source of supply in the Dominican Republic; Beatriz Sandoval-Rojas, a cocaine broker in Houston; and Sealed Defendant 4, a cocaine source of supply in Cali, Colombia. ROA.201-02.

On January 20, 2023, a confidential source (CS) and an undercover officer met with Serrano and Sealed Defendant 2 in Santo Domingo, Dominican Republic. ROA.202. Sealed Defendant 2 agreed to sell to the

CS and undercover officer 100 kilograms of cocaine for a total of $440,000. ROA.202. The shipment did not arrive at its destination. The Dutch Navy seized the cocaine as part of a larger cocaine seizure from a go-fast vessel 45 nautical miles north of La Guajira, Colombia. ROA.202.

Serrano informed the CS of the seizure and later introduced the CS to a new source of supply, Sandoval-Rojas. ROA.202-03. From May 2023 through June 2023, the CS, Serrano, and Sandoval-Rojas met several times in Houston to finalize the details of a 300-kilogram cocaine transaction for $735,000. ROA.203. The cocaine would be purchased in Colombia and transported to Houston. ROA.203. The CS agreed to travel to Colombia to meet with Sandoval-Rojas's contacts but requested to first purchase a two-kilogram representative sample. ROA.203.

On June 21, 2023, the CS and an undercover officer met with Sandoval-Rojas's contact, Sealed Defendant 4, in Cartagena, Colombia. ROA.203. Sealed Defendant 4 agreed to supply the 300 kilograms of cocaine, destined for Houston, to the CS and undercover officer. ROA.203. The CS and undercover officer purchased a representative sample of two kilograms of cocaine for $4,000. ROA.203.

On June 26, 2023, the CS met Sandoval-Rojas in Houston and paid her $1,000 for arranging the meeting with Sealed Defendant 4. ROA.203. Sandoval-Rojas stated that their boss, Lopez-Porras, wanted to meet the CS. ROA.203-04.[2]

On July 7, 2023, Lopez-Porras met with Sandoval-Rojas and the CS, and they discussed the cocaine that the CS intended to purchase. ROA.204. Lopez-Porras characterized Sealed Defendant 4 as one of his workers who moved cocaine for him. ROA.204. Lopez-Porras explained that they produce the cocaine upon request because storing too much quantity for too long would negatively impact the quality of the cocaine. ROA.204. Lopez-Porras and the CS discussed the quality of samples from the cocaine purchase on June 21, 2023, in Cartagena. ROA.204. Lopez-Porras told the CS that the CS could again purchase 300 kilograms of cocaine for the same price as discussed during the prior purchase. ROA.204. Lopez-Porras told the CS to rent an Airbnb the next time he met with Sealed Defendant 4 in Colombia. ROA.204. Lopez-Porras and the CS agreed to an order for 500 kilograms of cocaine. ROA.204.

2 [redacted]

In discussing the price for the order, Sandoval-Rojas told the CS that Lopez-Porras had to talk to people in the kitchen and would give a final price the next day. ROA.204. Lopez-Porras and Sandoval-Rojas assured the cocaine quality would be the same as the previous two kilograms that the CS had purchased. ROA.204. Lopez-Porras told the CS how he would work on lowering prices for the cocaine shipment. ROA.204.

## II. Procedural History

[redacted]

The district judge scheduled Lopez-Porras's jury selection and trial for April 8, 2024, certified the case as complex, and rescheduled the jury selection and trial to August 12, 2024. ROA.20, 23-28; Dkt No. 43. On July 25, 2024, the court scheduled Lopez-Porras's case for rearraignment on July 30, 2024. ROA.42-43.

On July 30, 2024, about two weeks before trial, Lopez-Porras pleaded guilty to the indictment. ROA.117, 179. The guilty plea was pursuant to a plea agreement that carried the potential for a motion for downward departure based on "substantial assistance" to the government under U.S. Sentencing Guideline (U.S.S.G.) § 5K1.1. ROA.196-97. If the court determined that Lopez-Porras qualified for a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), the United States agreed to recommend an additional one-level reduction under subsection (b) for timely notifying authorities of his intent to plead guilty. ROA.199.[3]

[redacted]

[3] The plea agreement also called for the United States to move to dismiss other counts in the indictment, but the indictment contained only one count. ROA.171, 199.

As part of the plea agreement, Lopez-Porras waived his right to appeal the conviction and sentence and waived his right to file a 28 U.S.C. § 2255 motion. ROA.197-99. The appellate waiver does not bar Lopez-Porras's argument that the district judge participated in plea negotiations. *See, e.g., United States v. Draper*, 882 F.3d 210, 215 (5th Cir. 2018); *United States v. Reid*, 744 F. App'x 850, 851 (4th Cir. 2018) (unpublished); *United States v. Paul*, 634 F.3d 668, 671 (2d Cir. 2011).

[redacted]

This appeal followed. [redacted]

## III. Rearraignment

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## SUMMARY OF THE ARGUMENT

[redacted] did not violate the prohibition on judicial participation in plea agreement discussions. Lopez-Porras's contrary claims are raised for the first time on appeal and thus subject to plain-error review. Lopez-Porras cannot satisfy any of the four prongs.

Lopez-Porras appeared for rearraignment two weeks before this complex multi-defendant case was scheduled for trial. [redacted]

[redacted]

[redacted]

## ARGUMENT

**Lopez-Porras has failed to show reversible plain error in his claim that the district court participated in plea agreement discussions in violation of Federal Rule of Criminal Procedure 11(c)(1).**

### A. Standard of Review

For the first time on appeal, Lopez-Porras asserts that the district court participated in plea agreement discussions in violation of Fed. R. Crim. P. 11(c)(1). [redacted], the plain-error standard of review applies. *See United States v. Draper*, 882 F.3d 210, 215 (5th Cir. 2018).

To obtain relief, Lopez-Porras must establish four prongs: (1) an error; (2) that is clear or obvious, rather than subject to reasonable dispute; (3) that affects his substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Draper*, 882 F.3d at 215; *see also United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir.

2020) ("The defendant has the burden to demonstrate that all four prongs of plain error review are met.").

**B. Lopez-Porras has not shown plain error.**

[redacted] The prosecutor and the defense attorney or pro se defendant "may discuss and reach a plea agreement." Fed. R. Crim. P. 11(c)(1). "The court must not participate in these discussions." *Id.*

This Court has characterized Rule 11's prohibition against judicial involvement in plea agreement discussions as a "bright line rule" and an "absolute prohibition on all forms of judicial participation in or interference with the plea negotiation process." *Draper*, 882 F.3d at 215 (internal quotation marks omitted). This strict prohibition serves three purposes: (1) diminishing the possibility of judicial coercion of a guilty plea; (2) preserving the trial court's impartiality; and (3) avoiding confusion over the trial court's role in the proceedings. *United States v. DeLeon*, 915 F.3d 386, 390 (5th Cir. 2019).

"The proper inquiry is whether the court was actively evaluating a [defendant's decision to plead guilty], as the court is required to do, rather than suggesting what should occur or injecting comments while the parties are still negotiating." *Draper*, 882 F.3d at 216 (alteration in original) (quoting *United States v. Hemphill*, 748 F.3d 666, 673 (5th Cir. 2014)). A trial judge violates the rule by making statements that are "predictive of the defendant's criminal-justice outcome, suggestive of the best or preferred course of action for the defendant; or indicative of the judge's views as to guilt." *Id.* at 215. But a judge does not violate the rule by performing duties mandated by Rule 11(b). *Id.*

Before a defendant pleads guilty, the court must engage the defendant in a colloquy to ensure the guilty plea is voluntary. *See* Fed. R. Crim. P. 11(b). As part of that colloquy, the court must ensure, among other things, that the defendant understands he has a right to plead not guilty and to insist on a jury trial. Fed. R. Crim. P. 11(b)(1)(B), (C). The court must also ensure that the defendant understands the potential sentence, including the maximum possible prison term, any mandatory minimum penalty, and the court's obligation to calculate the applicable sentencing guideline range and to consider that range and possible

departures under the Sentencing Guidelines. *See* Fed. R. Crim. P. 11(b)(1)(H), (I), (M).

[redacted]

**1.** [redacted]

[redacted] "Rule 11(c)(1) is not violated by a judge's comments made while implementing or planning docket or case-management decisions," including "a judge's refusal to extend a plea cut-off deadline." *United States v. Cano-Varela*,

497 F.3d 1122, 1132-33 (10th Cir. 2007). "There is nothing inherently coercive about requiring a defendant to make *a* decision—either plead guilty or go to trial—so refusing to give a defendant more time to mull his option simply does not fall within the purview of the rule." *United States v. Burnside*, 588 F.3d 511, 522-23 (7th Cir. 2009) (quoting *Cano-Varela*, 497 F.3d at 1133).

[redacted]

In *United States v. Rodriguez*, 197 F.3d 156 (5th Cir. 1999), [redacted], the defendant expressed more than once that he wanted to go to trial, and that he wanted more time to decide whether

to plead guilty. 197 F.3d at 157-58. The government indicated that it would file a sentencing enhancement if the defendant elected a trial. *Id.* at 157. The court told the defendant that he could not have more time and that once a sentencing enhancement is filed it could not be withdrawn. *Id.* at 158. The court added that the defendant was looking at a five-year minimum if he pleaded guilty right then, but "in about 30 minutes," he would be facing a ten-year minimum. *Id.* The defendant signed the plea agreement. *Id.*

This Court held that the trial judge's statements exerted pressure on the defendant to accept the plea agreement, noting that when he indicated that he wanted to go to trial, the judge asked whether he was sure he wanted to do that. *Id.* at 159. The judge had no authority for the comment that a sentencing enhancement could not be withdrawn, and the judge indicated the belief that if the defendant went to trial, he would be found guilty. *Id.* The judicial comments were coercive and the "clear implication" was that "the judge desired a plea." *Id.* at 160.

[redacted]

[redacted]

This case is thus unlike *Rodriguez* or other cases where coercive judicial comments suggested that a guilty plea was the best option. *See Hemphill*, 748 F.3d at 673 ("district court's repeated description of similarly situated defendants and the consequences that befell them when they did not accept plea offers" was "coercive"); *United States v. Ayika*, 554 F. App'x 302, 303, 306 (5th Cir. 2014) (unpublished) (finding coercion in court's statements that it would sentence the defendant below the guideline range if he pleaded guilty and that pleading guilty "is your chance to cut your losses short").

[redacted]

[redacted] "he no longer had the luxury of lingering over a decision," is not a Rule 11(c)(1) violation. *United States v. Cannady*, 283 F.3d 641, 645 (4th Cir. 2002) (discussing rule when it was designated as Rule 11(e)(1)).

**2.** [redacted]

[redacted]

[redacted]

[redacted]

[redacted] The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq*., abolished parole with the creation of the U.S. Sentencing Commission and its Sentencing Guidelines. *See Mistretta v. United States*, 488 U.S. 361, 362, 367-70 (1989). Moreover, judges at rearraignment are counseled to ask whether the defendant understands that parole has been abolished and that the defendant will not be released on parole if the defendant is sentenced to prison. Federal Judicial Center, Benchbook for U.S. District Courts, § 2.01 (outline L.5) at 124 (7th ed. 2026), available at

https://www.fjc.gov/sites/default/files/materials/04/Benchbook-US-District-Courts-2026.pdf.

The court's comments were made in the context of evaluating whether Lopez-Porras wanted to plead guilty or proceed to trial. The court did not tie its comments [redacted] to a preference for a guilty plea. [redacted] "Rule 11 is not intended to establish a series of traps for imperfectly articulated oral

remarks." *Burnside*, 588 F.3d at 522 (quoting *Cano-Varela*, 497 F.3d at 1133) (internal quotation marks omitted).

[redacted] But the court's comment was a qualified statement. [redacted]

[redacted]

Even if the court had made an unqualified affirmative statement [redacted], that statement would have been correct. [redacted]. [redacted]

[redacted]

In *United States v. Daigle*, 63 F.3d 346 (5th Cir. 1995), [redacted], the judge impermissibly engaged in off-the-record discussions in chambers with the parties regarding the plea agreement and length of sentence. The judge informed the defendant that he followed the government's sentencing recommendation 90% of the time, prompting the defendant to plead guilty. 63 F.3d at 347. The government's recommendation in that case involved a "cap" of nine years for "substantial cooperation." *Id.* at 348-49. This Court held that the judge's indication of the sentence constituted participation in plea agreement discussions. *Id.* at 349.

[redacted]

Lopez-Porras has not shown error, let alone a clear or obvious one, [redacted] There is no Rule 11(c)(1) violation.

### C. Lopez-Porras has not shown an adverse effect on his substantial rights or that the purported error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

Lopez-Porras has not shown that the purported error affected his substantial rights. In considering the effect on substantial rights, this Court should review the entire record. *See United States v. Davila*, 569 U.S. 597, 612 (2013); *United States v. Vonn*, 535 U.S. 55, 59 (2002). Lopez-Porras must show a reasonable probability that, but for the alleged error, he would have exercised his right to go to trial. *See Davila*, 569 U.S. at 612; *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). He must show that the probability that he would have gone to trial is sufficient to undermine confidence in the outcome of the proceeding. *Dominguez Benitez*, 542 U.S. at 83.

Lopez-Porras has not met that burden. [redacted]

[redacted] Although the defendant there indicated that he wanted to plead guilty, "he made it abundantly clear that he objected to the forfeiture allegations and that

these objections made him reluctant to execute a plea agreement." *Ayika*, 554 F. App'x at 307. That caveat showed that he was "at best ambivalent about whether to enter into a plea agreement." *Id.* [redacted]

[redacted] "the clear implication of the judge's statements" in *Rodriguez* "was that the judge desired a plea." 197 F.3d at 160. [redacted]

[redacted] Temporal proximity between the purported judicial participation and the guilty plea is thus not dispositive here. *See United States v. Martinez*, 777 F. App'x 709, 715 (5th Cir. 2019) (unpublished) (holding the third prong was not met because the timing of the defendant's guilty plea was due to the court's plea deadline, not any suggestion about the likelihood of success at trial). Based on this record, Lopez-Porras has not shown a reasonable probability that he would have gone to trial absent the purported error. For these same reasons, Lopez-Porras has not shown that the purported error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

## CONCLUSION

This Court should affirm the district court's judgment.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

s/Renata Gowie
RENATA GOWIE
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9102

ATTORNEYS FOR APPELLEE

## CERTIFICATE OF SERVICE

I, Assistant United States Attorney Renata Gowie, hereby certify that on June 11, 2026, an electronic copy of Appellee's Brief was served by notice of electronic filing via this Court's CM/ECF system upon opposing counsel, J. Dennis Hester.

Upon notification that the electronically filed brief has been accepted as sufficient, and upon the Clerk's request, seven paper copies of this brief will be submitted to the Clerk. *See* 5th Cir. R. 25.2.1; 5th Cir. R. 31.1; 5th Cir. CM/ECF filing standard E(1).

s/Renata Gowie
RENATA GOWIE
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6207 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in Century Schoolbook, 14-point font for text and 12-point font for footnotes.

3. This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

4. This brief complies with the electronic submission of 5th Cir. R. 25.2.1, because it is an exact copy of the paper document.

5. This brief has been scanned for viruses with the most recent version of McAfee Endpoint Security and is free of viruses.

s/Renata Gowie
RENATA GOWIE
Assistant United States Attorney